ROY ORR et al., Petitioners, v. C. C. HAMILTON, Judge, Respondent.

**INJUNCTION:** Contempt—Unallowable Defense. In contempt proceedings for the violation of a temporary injunction, duly served, it is no defense that the injunction was improvidently or improperly granted.

Headnote 1:   32 C. J. p. 498.

Headnote 1:   16 L. R. A. (N. S.) 1063; 6 R. C. L. 505.

*Certiorari to Woodbury District Court.*—C. C. HAMILTON, Judge.

JUNE 21, 1926.

REHEARING DENIED OCTOBER 4, 1926.

Original proceedings in this court in certiorari to review an order by the respondent as judge, wherein the petitioners were found guilty of contempt by violation of a writ of temporary injunction. The court imposed punishment for such contempt.— *Writ annulled*.

*Nagelstad, Pizey & Johnson*, for petitioners.

*Griffin, Griffin & Griffin*, for respondent.

FAVILLE, J.—On or about November 12, 1925, one Dillon instituted an action in the district court of Woodbury County, Iowa, wherein the petitioners in this cause were made defendants. In said action the said Dillon alleged that he was the absolute and unqualified owner and entitled to possession of certain real estate described in said petition, and alleged to be situated in the county of Woodbury in the state of Iowa. Upon presentation of said petition to a judge of the district court of Iowa in and for the fourth judicial district, an order was entered that a writ of temporary injunction issue, as prayed in the petition. A writ of injunction was issued, and return made thereon, showing personal service of said writ of injunction upon the petitioners herein. The said writ, by its terms, enjoined and restrained the petitioners herein from trespassing upon the land described in said writ, or from injuring or destroying any timber growing upon said land, and from constructing or erecting any shacks or buildings upon said land, or from injuring fences or interfering with the peaceful possession and occupancy of said land, and from using or occupying said premises or any part thereof as a place where intoxicating liquors are manufactured or sold, until the further order of the court in the premises. After the service of said writ of injunction, on or about January 18, 1926, proper pleadings were filed, setting forth an alleged violation of said writ of injunction, and a rule to show cause was duly issued, under which the petitioners herein appeared before the respondent, and a hearing was had, at the termination of which the court found that the petitioners had violated the terms and conditions of the said writ of injunction.

The arguments in this court have taken a much wider range than the character of the proceedings would seem to justify. The action is in certiorari, to review the alleged illegal action of the respondent in adjudging the petitioners to be guilty of having violated a writ of temporary injunction duly issued and served upon them. We are not concerned in this hearing with the question of the ownership of the real estate involved in this proceeding, nor whether the plaintiff in the injunction proceeding can sustain his allegation that he is the absolute and unqualified owner of said premises and entitled to the immediate possession thereof. The question of disputed boundary lines is not herein involved. The sole question for our consideration

upon this review by certiorari is whether or not the respondent acted illegally in adjudging the petitioners to be guilty of having violated the writ of temporary injunction that was duly served upon them. The proceedings appear to have been in due form. The record sufficiently discloses that a writ of temporary injunction was duly issued. By its terms the petitioners herein were enjoined from doing certain acts in respect to certain real estate described in said writ. We deem the recitals in the writ sufficient to apprise the petitioners of what they were enjoined from doing. Whether or not, upon final trial of said cause, it should be found that said injunction should be made permanent, is a question not before us, and one in which we have, at this point, no concern. The writ of temporary injunction was duly issued, and was legally served upon the petitioners herein. No motion to dissolve said writ of temporary injunction was filed. It was the duty of the petitioners herein, when served with the writ of temporary injunction, to obey said writ, or to proceed in a legal manner to have said writ set aside and vacated. The evidence in the record is sufficient to sustain the finding of the trial court that the petitioners herein had violated said writ of temporary injunction. They were, therefore, in contempt for such violation, and subject to punishment therefor. If the writ was improvidently or improperly granted, the petitioners have their legal remedy; but such remedy is not by disobedience to said writ. From the record it appears that a writ of temporary injunction has been duly and properly issued and legally and properly served upon each of the petitioners herein, and that the said petitioners have been guilty of a violation of said writ of temporary injunction while the same remained in full force and effect. They therefore are subject to punishment for contempt of court while said writ remained a verity.

We find no error in the record requiring interference on our part. We expressly reserve pronouncement on any other question argued in this court which may arise upon the determination of the main case upon the granting of a permanent injunction.

For the reasons stated, the writ of certiorari must be, and the same is, annulled. It is so ordered.—*Writ annulled.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.